UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

CIVIL ACTION NO. 05-51-KKC
CIVIL ACTION NO. 05-72-KKC

MEDCORP INC., PLAINTIFF,

v. **OPINION & ORDER**

KENTUCKY BOARD OF
EMERGENCY MEDICAL SERVICES, et al., DEFENDANTS.

**************

This matter is before the Court on the Motion to Intervene filed by Mercury Ambulance Service, Inc. d/b/a Rural Metro Ambulance ("Rural Metro") (Rec. No. 5), the Motion for Scheduling Order filed by Plaintiff MedCorp Inc. ("MedCorp") (Rec. No. 29), the Motion for Ex Parte Temporary Restraining Order filed by MedCorp (Rec. No. 33), and the Motion to Hold in Abeyance/Stay the Motion for Ex Parte Restraining Order filed by MedCorp. (Rec. No. 37).

**I.    Procedural History.**

**A.    MedCorp's Petition.**

MedCorp filed a Petition for Declaratory Judgment and Permanent Injunctive Relief with this Court on July 15, 2005. (Rec. No. 1). Med Corp alleged that, after a competitive bid process, it was awarded a contract with the United States Department of Veterans Affairs ("VA") to provide ambulance services to the Cincinnati Veterans Administration Medical Center and its supported facilities, including facilities located in the Commonwealth of Kentucky.

MedCorp further alleged that on January 12, 2005, an unsuccessful bidder for the VA contract, complained to the Kentucky Board of Emergency Services (the "Board") that MedCorp's operations violated Kentucky licensing statutes. MedCorp further alleged that the Commonwealth of Kentucky continues to maintain a moratorium on issuing Certificates of Need for ground ambulance services. As a result, MedCorp cannot obtain a Kentucky operating license.

MedCorp alleged that the Board issued a Cease and Desist Order on June 30, 2005 prohibiting it from fulfilling its VA contract by preventing it from providing ambulance services in Kentucky. MedCorp also alleged that the Kentucky Certificate of Need Office (the "Office") ordered MedCorp to show cause why it should not be found to have established or to be operating a health service in violation of KRS Chapter 216B; and why MedCorp should not be found subject to the penalties provided by KRS 216B.990.

MedCorp asked this Court for a declaration that "Kentucky's efforts to interfere with, restrain and control operation" of the VA contract are unconstitutional. MedCorp also asked for a permanent injunction to enjoin the Defendants from taking any action that would impede or otherwise interfere with the Plaintiff's fulfillment of its contractual obligations.

**B.     MedCorp's First Motion for Injunctive Relief.**

With its Petition, MedCorp also filed an Ex Parte Motion for Temporary Restraining Order (Rec. No. 2) seeking to restrain the Defendants from enforcing or taking any action under the Board's Cease and Desist Order or under the Office's Show Cause Order until a final determination of this action.

In its supporting memorandum (Rec. No. 3), MedCorp explained that the state's involvement in this matter began when Rural Metro, an unsuccessful bidder for the VA contract, complained to the Board that MedCorp was transporting patients in Kentucky without a Kentucky license and that MedCorp was using personnel not certified in Kentucky. The Board then issued MedCorp the Cease and Desist Order. Rural Metro also filed a complaint with the Office, the state agency responsible for issuing Certificates of Need which are required for ambulance providers to obtain a license to operate from the state of Kentucky. The Office then issued MedCorp the Show Cause Order described above.

In its supporting memorandum, MedCorp argued that the Kentucky's ambulance licensing statutes violate the Supremacy Clause of the United States Constitution; are preempted by federal law; and are an unconstitutional burden on interstate commerce. MedCorp also argued that the Board violated MedCorp's due process rights when it issued the Cease and Desist Order without a hearing. It further argued that it

2

would suffer irreparable harm without injunctive relief because it would not be able to carry out its VA contract, resulting in grave economic losses for MedCorp and the loss of vital health services to veterans. After a hearing, MedCorp's Motion for Injunctive Relief was denied by the Court in a bench ruling. (Rec. No. 12).

      **C.    Rural Metro's Motion to Intervene.**

On July 21, 2005, Rural Metro filed a Motion to Intervene as a defendant in this matter pursuant to Fed. R. Civ. P. 24. (Rec. No. 5). In its supporting memorandum, Rural Metro stated that it is licensed by the state of Kentucky to operate an ambulance service and that it currently provides such services in the Northern Kentucky area. Thus, it argued that it has a property interest that will be diminished by this action if MedCorp is successful. It further argued that it has rights and a substantial interest in this matter as a provider of ambulance services in Northern Kentucky, which constitutes the service area in which MedCorp seeks to provide ambulance services pursuant to the VA contract. MedCorp objected to Rural Metro's Motion to Intervene (Rec. No. 14). MedCorp then moved to amend its Petition to add the VA as a Defendant. (Rec. No. 17). That motion was later granted by the Court. (Rec. No. 25).

      **D.    MedCorp's Second Motion for Injunctive Relief.**

On September 8, 2005, MedCorp filed an Emergency Motion for Reconsideration of the Court's denial of its Motion for TRO. (Rec. No. 20). MedCorp alleged that the Kentucky Cabinet for Health and Family Services (the "Cabinet") had ordered it to produce VA documents that it was prohibited from producing under 5 U.S.C. § 552. MedCorp argued it would be subject to criminal penalties if it complied with the Order and risked losing the VA contract. MedCorp argued that the documents consisted of records of its ambulance operations provided under the VA contract.

MedCorp stated that documents had been requested through discovery in preparation for a Show Cause hearing to be conducted by the Cabinet. MedCorp stated that it had objected to disclosure of the documents but that a Cabinet Hearing Officer had issued an Order compelling production of the documents.

MedCorp alleged that the VA had demanded that MedCorp not produce the documents until the VA approved the disclosure after reviewing them.

On September 8, 2005, this Court denied MedCorp's Emergency Motion for Reconsideration, finding that MedCorp had failed to provide the Court with sufficient information to grant a TRO. (Rec. No. 21). The next day, September 9, 2005, MedCorp moved to amend and supplement its Motion for Reconsideration. (Rec. No. 23). In the motion to amend, MedCorp clarified that the documents at issue had been requested by Rural Metro pursuant to a Motion to Compel which had been granted by the Cabinet's Hearing Officer.

The Court denied MedCorp's Motion to Amend and Supplement its Motion for Reconsideration (Rec. No. 24), finding that a TRO was unnecessary because, under Kentucky law, the Cabinet or Rural Metro would have to proceed to Kentucky state court in order to enforce the Cabinet's order granting Rural Metro's motion to compel and that MedCorp would have a further right to appeal any adverse decision by the state court.

### E.     MedCorp's State Court Action and Removal.

On September 30, 2005, MedCorp filed a state court action against the Cabinet, Rural Metro, and the VA seeking a declaratory judgment that the documents the Cabinet had ordered it to produce could not be produced without the express authorization of the VA. (*MedCorp Inc. v. Kentucky Cabinet for Health and Family Services, et al*., Civil Action No. 3:05-72-KKC, Rec. No. 1, Exhibit N). MedCorp also filed a Motion for TRO, asking the state court to restrain the Cabinet from compelling disclosure of the VA documents or otherwise prosecuting MedCorp until the Court had determined the parties' rights and obligations. (*MedCorp Inc. v. Kentucky Cabinet for Health and Family Services, et al*., Civil Action No. 3:05-72-KKC, Rec. No. 1, Exhibit A; and Rec. No. 33 in this action).

In the state court, on October 12, 2005, Rural Metro filed a response to MedCorp's Motion for TRO, stating that the Assistant U.S. Attorney representing the VA in this matter had advised counsel for the

Cabinet that the VA documents requested in the underlying administrative proceeding would be produced to the Cabinet. (Rec. No. 34).

On October 14, 2005, MedCorp then moved this Court to issue a scheduling order in this federal action. (Rec. No. 29). On October 20, 2005 the VA removed MedCorp's state court action to this Court, creating a new federal action, *MedCorp, Inc. v. Kentucky Cabinet for Health and Family Services, Et al.*, Civil Action No. 3:05-CV-72-KKC, Rec. No. 1). On November 2, 2005, the Court granted the VA's uncontested motion to consolidate the new federal court action – Civil Action 3:05-CV-72-KKC – with this prior existing Civil Action No. 3:0 5-CV-72-KKC. (Rec. No. 32).

On November 7, 2005, the VA filed an answer to the Motion for Declaratory Judgment filed by MedCorp in the removed state court action, stating that the motion was moot as the documents sought by the Cabinet and Rural Metro in the administrative hearing were produced in redacted version on October 21, 2005. (Rec. No. 35). On the same date, MedCorp moved this Court to hold its Motion for TRO originally filed in state court in abeyance pending the outcome of the administrative proceedings before the Cabinet. (Rec. No. 37).

**II.     ORDER.**

The Court hereby ORDERS as follows:

1)      Rural Metro's Motion to Intervene (Rec. No. 5) in this matter is **DENIED as moot**, MedCorp having filed an action against Rural Metro in the Franklin Circuit Court and that action having been removed to this Court and consolidated with this action;

2)      the Motion for Scheduling Order filed by Medcorp. (Rec. No. 29) is **DENIED.** Pursuant to Fed. R. Civ. P. 16(b), the Court will issue a Scheduling Order after the parties have met and issued a report pursuant to Fed. R. Civ. P. 26(f). An Order for such Meeting and Report will be filed by the Court simultaneously with this Order.

3)      MedCorp's Motion for Ex Parte Temporary Restraining Order (Rec. No. 33) and its Motion

to Hold in Abeyance/Stay the Motion for ExParte Restraining Order (Rec. No. 37) are **DENIED**, the VA having produced the documents that the Cabinet ordered MedCorp to produce and the production of which was the subject of the Motion for Ex Parte Temporary Restraining Order.

This the 9th day of January, 2006.

Signed By:
*Karen K. Caldwell*
**United States District Judge**