UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

CIVIL ACTION NO. 05-51-KKC
CIVIL ACTION NO. 05-72-KKC

MEDCORP INC.,       PLAINTIFF,

v.     **OPINION & ORDER**

KENTUCKY BOARD OF
EMERGENCY MEDICAL SERVICES, et al.,     DEFENDANTS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the Motion to Hold in Abeyance (Rec. No. 41) of the Plaintiff, MedCorp. Inc. For the following reasons, the motion is GRANTED.

### I. PROCEDURAL HISTORY.

MedCorp filed a Petition for Declaratory Judgment and Permanent Injunctive Relief with this Court on July 15, 2005. (Rec. No. 1). Med Corp alleged that, after a competitive bid process, it was awarded a contract with the United States Department of Veterans Affairs ("VA") to provide ambulance services to the Cincinnati Veterans Administration Medical Center and its supported facilities, including facilities located in the Commonwealth of Kentucky.

MedCorp further alleged that on January 12, 2005, an unsuccessful bidder for the VA contract, complained to the Kentucky Board of Emergency Services (the "Board") that MedCorp's operations violated Kentucky licensing statutes. MedCorp further alleged that the Commonwealth of Kentucky continues to maintain a moratorium on issuing Certificates of Need for ground ambulance services. As a result, MedCorp cannot obtain a Kentucky operating license.

MedCorp alleged that the Board issued a Cease and Desist Order on June 30, 2005 prohibiting it from fulfilling its VA contract by preventing it from providing ambulance services in

Kentucky. MedCorp also alleged that the Kentucky Certificate of Need Office (the "Office") ordered MedCorp to show cause why it should not be found to have established or to be operating a health service in violation of KRS Chapter 216B; and why MedCorp should not be found subject to the penalties provided by KRS 216B.990.

MedCorp asked this Court for a declaration that "Kentucky's efforts to interfere with, restrain and control operation" of the VA contract are unconstitutional. MedCorp also asked for a permanent injunction to enjoin the Defendants from taking any action that would impede or otherwise interfere with the Plaintiff's fulfillment of its contractual obligations. In a separate pleading, MedCorp argued that the Kentucky's ambulance licensing statutes violate the Supremacy Clause of the United States Constitution; are preempted by federal law; and are an unconstitutional burden on interstate commerce. MedCorp also argued that the Board violated MedCorp's due process rights when it issued the Cease and Desist Order without a hearing.

**II.    ANALYSIS.**

MedCorp argues the Court should hold this motion in abeyance pending a finding decision in the state administrative action. MedCorp argues that the disposition of the administrative action may render this federal action moot. MedCorp states that neither the United States nor the Kentucky Board of Emergency Medical Services objects to the motion to hold this matter in abeyance. The only defendant who objects to holding this matter in abeyance is the Cabinet for Health and Family Services (the "Cabinet")(Rec. No.40). After having reviewed the record, the Court concludes that the state administrative action may render moot this federal action and, accordingly, in the interest of judicial economy will GRANT MedCorp's motion. The Court will further direct MedCorp to file a notice with this Court when the administration action is concluded.

For the above reasons, the Court hereby ORDERS as follows:

1) MedCorp's Motion to Hold in Abeyance (Rec. No. 41) is GRANTED;

2) MedCorp SHALL promptly file a notice with this Court when the state administrative action is resolved.

This the 13th day of June, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge